CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 26 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFREY T. LAWSON,<br>    Plaintiff, | Civil Action No. 7:09-cv-00258 |
| v. | **MEMORANDUM OPINION** |
| EMPLOYEES OF VA DEPT. OF<br>    CORRECTIONS, et al.,<br>    Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Jeffrey T. Lawson, a Virginia prisoner proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants all Employees of the Virginia Department of Corrections ("VDOC") and specifically V.S. Gray, O. Chambers, Gail Jones, Mrs. Matthews, and Mrs. Foster. Plaintiff alleges the defendants do not do their jobs by not correcting plaintiff's annual review. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A(b)(1). After reviewing planitiff's submissions, the court dismisses the complaint as frivolous.

I.

Plaintiff alleges the following facts. Plaintiff's annual review, conducted in December 2008, and his legal update sheet reflect institutional charges from Southampton Correction Center that are not attributable to him. (Compl. 3.) Upon plaintiff's transfer to Green Rock Correctional Center in April 2009, he filed grievances to have the erroneous update sheet corrected. V.S. Gray discussed the erroneous charges with him and an unknown person via a conference call, and the unknown person referred plaintiff and V.S. Gray to Gail Jones, plaintiff's caseworker. Plaintiff wrote Gail Jones about the error, but Gail Jones returned plaintiff's letter with instructions to take the matter up with his counselor. (Id. 4.) Plaintiff filed

an informal complaint to O. Chambers, who returned his requests with instructions to contact "services." Plaintiff also sent request forms to Mrs. Matthews, who did not respond to all the requests.

Plaintiff received an institutional charge on June 3, 2009. Staff received a copy of plaintiff's annual review on June 24, 2009, "and somebody changed [his] level from 2 to 1 after someone approved it for level 1 and transfer." (Id. 4-5.) Plaintiff asked Mrs. Foster for information about this change, but she would not help. Plaintiff's father is sick and his mother passed away in August 2008, and he tried to get on work release to pay a fine. (Id. 5.) Plaintiff alleges that the error on his update sheet and his efforts to correct them have caused him a lot of stress and emotional problems, and he requests $50,000 in compensation. (Id. 5, 2.)

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume

2

the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff is not entitled to compensatory damages for stress or mental anguish because there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish. See Grandstaff v. City of Borger, 767 F.2d 161, 172 (5th Cir. 1985). Moreover, an inmate is barred from recovering damages for alleged mental and emotional injuries without establishing a corresponding physical injury. 42 U.S.C. § 1997e(e). See Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997) (concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d 559 (W.D. Va. 2000) (finding plaintiff's claims for compensatory and punitive damages barred by § 1997e(e)). Therefore, plaintiff cannot proceed with this action because he fails to correlate any physical injury to his mental stress to overcome § 1997e(e), and his claims of emotional stress do not implicate a constitutional right.

Furthermore, inmates have a right to be free of arbitrary punishment, Howard v. Smyth, 365 F.2d 428 (4th Cir. 1966), but plaintiff does not allege he was ever punished for another inmate's disciplinary conviction. Instead, plaintiff argues that his security classification is affected by the erroneous assignment of another inmate's conviction. Plaintiff does not have a constitutional right to be placed in a specific security classification, and custodial classifications do not create a major disruption in a prisoner's environment. Sandin v. Conner, 515 U.S. 472,

3

486-87 (1995). States may create liberty interests protected by the Due Process Clause where the freedom from restraint imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. . . ." Id. at 484. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting a prisoner's argument that a pending warrant and detainer adversely affected his prison classification and qualification for institutional programs because not "every state action carrying adverse consequences for prison inmates automatically activates a due process right"). In order to show the deprivation of a liberty interest regarding custody classifications, an inmate must show either that the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, or that the confinement creates an atypical or significant hardship and that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint. Id. at 483-84.

Based upon the alleged facts, plaintiff's classification or pending transfer does not exceed a sentence in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Nor does an increase in plaintiff's security classification constitute an "atypical and significant" hardship in relation to the ordinary incidents of prison life because he does not have a constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification.

4

Furthermore, violations of state grievance procedures under state regulations are insufficient to give rise to any federal due process claim. See Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that a state official's failure to abide by state procedural laws or regulations does not present a federal due process issue); Brandon v. District of Columbia Bd. of Parole, 823 F.2d 644, 648 (D.C. Cir. 1987) ("[T]he mere fact that the government has established certain procedures does not mean that the procedures thereby become substantive liberty interests entitled to federal constitutional protection under the Due Process Clause."). Even if the defendants violated state procedural regulations for grievances, those violations do not create a federal cause of action under the Fourteenth Amendment. Moreover, plaintiff does not have a constitutional right to participate in grievance proceedings. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, plaintiff claims infringements of legal interests which clearly do not exist, and the court dismisses the complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

III.

For the foregoing reasons, the court dismisses the complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1), and strikes the case from the court's active docket.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 26th day of August, 2009.

/s/ James C. Turk
Senior United States District Judge